IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:18-cv-00513-WJM-SKC

RYAN MAPLES,

    Plaintiff,

v.

DANIEL LUSK,.

    Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL [#61]**

---

This Order addresses Plaintiff Ryan Maples' Motion for Appointment of Counsel (the "Motion") [#61][1]. Defendants have not made an appearance in this matter. For the foregoing reasons, the Motion is GRANTED.

Maples seeks the appointment of pro bono counsel. In civil cases, whether the appointment of counsel is appropriate is left to the sound discretion of the trial court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995); *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) ("Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned."). The district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the

---

[1] The Court uses "[#___]" to refer to specific docket entries in CM/ECF.

1

facts and present his claims." *Hill*, 393 F.3d at 1115 (citation omitted). Under Local Rule 15(f), the Court applies the following factors when reviewing a motion for appointment of counsel in a civil action: (1) the nature and complexity of the action; (2) the potential merit of the *pro se* party's claims; (3) the demonstrated inability of the unrepresented party to retain an attorney by any other means; and (4) the degree to which the interest of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel. D.C.COLOLAttyR 15(f).

Weighing these factors, the Court finds that appointment of Counsel is appropriate. Maples brings this action pursuant to 42 U.S.C. § 1983 claiming that the Defendant Daniel Lusk violated his Fourth Amendment rights and used excessive against him. [*See generally* #17.] He has been permitted to proceed in this matter *in forma pauperis*. [#3.] Maples indicates that his he cannot afford to hire an attorney, despite repeated efforts to retain local civil rights attorneys, and that his imprisonment inhibits his ability to litigate this case. [#61 at ¶¶ 1 and 5.] The Court believes it will benefit from the assistance of appointed counsel for Maples as the case proceeds through discovery and toward trial. Accordingly, the Court finds the appointment of pro bono counsel is appropriate.

IT IS ORDERED that Plaintiff's Motion for Appointment of Counsel [#61] is GRANTED. The Clerk of Court shall select, notify, and appoint counsel to represent Ryan Maples in this civil matter.

**NOTICE TO *PRO SE* PARTY: Maples is advised that the Clerk will select counsel from the Panel; however, there is no guarantee that Panel members will undertake representation in every case selected for the appointment. The Court**

**reminds Maples that he is responsible for all scheduled matters, including filings, hearings, depositions, motions and trial.**

    DATED: October 9, 2019.

                                        BY THE COURT:

                                        S. Kato Crews
                                        U.S. Magistrate Judge